United States Courts
Southern District of Texas
FILED

*April 16, 2024*

Nathan Ochsner, Clerk of Court

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| HANGZHOU JNBY FINERY CO., LTD. and GRAND VANTAGE CHINA LTD.,<br><br>Plaintiff,<br><br>v.<br><br>SIGHTCLASSIC, LLC,<br><br>Defendant. | Civil Action No. ____4:24cv1373_ |

**PLAINTIFF'S ORIGINAL COMPLAINT**

**TO THE HONORABLE JUDGE OF THIS COURT:**

Hangzhou JNBY Finery Co., Ltd ("JNBY") and Grand Vantage China Ltd. ("GV" and together with JNBY, "Plaintiffs") file this Original Complaint against Defendant SightClassic, LLC ("Defendant" or "SightClassic"), and would respectfully show the Court as follows:

**THE PARTIES**

1.  JNBY is a corporation organized and existing under the laws of the People's Republic of China, with its principal place of business at Room 18A01, Building 1, No. 39 Yile Road, Hangzhou, China 310000.

2.  GV is a corporation organized and existing under the laws of Hong Kong Special Administrative Region of the People's Republic of China, with its principal place of business at Unit 709 7/F Lippo Sun Plaza, 28 Canton Road, Tsimshatsui KL, Hong Kong.

3.	SightClassic, LLC is a limited liability company organized and existing under the laws of the State of Washington, with its principal place of business at 22626 SE 13th Street, Sammamish, WA 98075.

## JURISDICTION AND VENUE

4.	This Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331 because claims asserted herein arise under the Lanham Act, 15 U.S.C. §§ 1114, 1125, and this Court exercises original jurisdiction pursuant to 15 U.S.C. §§ 1117, 1125(a), and 28 U.S.C. § 1338(a). This Court also exercises supplemental jurisdiction over Plaintiffs' pendant state law claims pursuant to 28 U.S.C. § 1367.

5.	This Court has personal jurisdiction over Defendant because Defendant transacts business within Texas, including within the city of Houston, purposely avails itself of the benefits of Texas law, targets consumers within the State of Texas and the City of Houston, and derives revenue from its interstate commerce. Defendant knowingly and in bad faith engaged in the acts and conduct set forth herein, including advertising and selling products under the infringing mark at issue in this action, with the reasonable expectation that such products would be advertised and sold in the State of Texas to Texas consumers.

6.	Venue is proper before this Court pursuant to 28 U.S.C. § 1391(c) because Defendant is subject to personal jurisdiction in this District.

## FACTUAL ALLEGATIONS

1.	JNBY is a corporation located in China that designs and distributes luxury clothing.

2. JNBY is the owner of the trademark JNBY and corresponding United States trademark registration (U.S. Reg. No. 3889012) in Class 025 for use in connection with articles of clothing, namely, neckties, hats, shoulder wraps, belts, gloves, hosiery, scarves, shoes, t-shirts, trousers, shirts, coats, jackets, sweaters, blouses, skirts and waterproof clothing, namely, waterproof hats, waterproof shoulder wraps and waterproof cloak. A true and accurate copy of JNBY's U.S. Registration for this mark is attached hereto as Exhibit 1.

3. JNBY is the owner of the trademark CROQUIS and corresponding United States trademark application (U.S. Ser. No. 79382886) in Class 025 for use in connection with imitation leather; attaché cases; trimmings of leather for furniture; travelling bags; leather straps; pocket wallets; umbrellas; handbags; fur pelts.

4. JNBY is the owner of the trademark 速写 and corresponding United States trademark registration (U.S. Reg. No. 3725675) in Class 025 for use in connection with clothing, namely, shirts, shorts, pants, T-shirts, coats; shoes; headgear for wear, namely, hats, caps, berets; socks; scarves; neckties; clothing, namely, gloves; clothing, namely, leather belts; raincoats; clothing, namely, layettes. A true and accurate copy of JNBY's U.S. Registration for this mark is attached hereto as Exhibit 2.

5. JNBY is the owner of the trademark 江南布衣 and corresponding United States trademark registration (U.S. Reg. No. 3647771) in Class 025 for use in connection with clothing, namely, shirts, shorts, pants, T-shirts, coats; shoes; headgear for wear, namely, hats, caps, berets; socks; scarves; neckties; clothing, namely, gloves; clothing, namely, leather belts; waterproof clothing, namely, waterproof shoes, waterproof jackets, waterproof pants, waterproof gloves, waterproof hats; clothing, namely, layettes. A true and accurate copy of JNBY's U.S. Registration for this mark is attached hereto as Exhibit 3.

6. JNBY is the owner of the trademark COQUIS for use in connection with clothing.

7. JNBY is the owner of the trademark JNBY SINCE 1994 for use in connection with clothing. JNBY, 速写, CROQUIS, 江南布衣, JNBY SINCE 1994, and COQUIS are collectively referred to herein as the "Marks".

8. GV is affiliated with JNBY.

9. GV has an exclusive license to use and sublicense the Marks in the United States.

10. JNBY, through GV and other affiliated entities, has continuously used the JNBY Mark in interstate commerce since at least as early as May 2009.

11. On or around November 1, 2017, GV and Defendant entered into a Distribution Cooperation Agreement (the "Agreement").

12. The initial term of the Agreement ended on October 30, 2019 and automatically renewed for a subsequent two-year term, unless either Party indicated its intention not to renew.

13. Under the Agreement, GV appointed Defendant as a United States distributor of certain fashion products ("the Products") to be sold under the Marks.

14. Pursuant to the Agreement, the Products were shipped by GV to Defendant and sold on consignment. GV provided Defendant with textual descriptions and images of the Products and Defendant agreed to use the materials, descriptions, and other items provided by GV strictly in compliance in order to maintain and promote the uniform brand image of the Products.

15. Defendant was obligated to pay GV's share of the revenue realized from the sale of the Products after making certain permitted deductions as set forth in the Agreement.

16. For Products delivered by GV to Defendant that were accounted for ("Accounted-For Products"), Defendant currently owes GV $199,435.68 under the Agreement.

17. For 14,117 pieces of such products (valued at RMB18,136,285.00 or USD 2,505,011.74[1] based on the suggested retail prices marked on the Chinese tags) delivered by GV to Defendant that are still unaccounted for as of today ("Unaccounted-For Products"), Defendant failed to either return such Unaccounted-For Products to GV or timely and promptly account and pay for same.

18. Pursuant to the Agreement, Defendant owes GV a total of $2,704,447.42 for the Accounted-For and Unaccounted-For Products.

19. In or around April 2021, Defendant suspended its cooperation and business dealings with GV, which indicated its desire to terminate the Agreement.

20. The Agreement was terminated on October 31, 2021.

21. Upon termination of the Agreement, Defendant's right to use the Marks simultaneously terminated.

22. On or around February 2023, GV discovered that Defendant was continuing to use the Marks on a website located at www.jnby.us (the "Infringing Site").

23. Defendant is also using the JNBY Mark in its social media handles and email addresses, including email: info@jnby.us, Facebook: @jnbyusa, Instagram: @jnby.usa, X (f/k/a Twitter): @jnby_usa, and YouTube: JNBY Seattle Store.

24. Defendant's Infringing Site includes the following false statement: "SightClassic Fashion Group is the fully authorized general distributor responsible for all JNBY brand sales and operations in the USA, including an online store at www.jnby.us."

25. Since October 31, 2021, Defendant's use of the Marks has been unauthorized.

---

[1] It is based on the foreign exchange rate at 1 USD=7.24 RMB, published by www.bloomberg.com on April 11, 2024.

5

26. The Infringing Site also contains images owned and provided by GV to Defendant for its use under the Agreement (the "Images").

27. Since October 31, 2021, Defendant's use of the Images has been unauthorized.

28. On February 21, 2023, JNBY's Chinese counsel sent a cease and desist letter to Defendant regarding its unauthorized use of the Marks and Images.

29. In its response to the February 2023 letter, Defendant admitted the Agreement expired on October 31, 2021.

30. On November 17, 2023, GV's United States counsel sent a cease and desist letter to Defendant regarding its unauthorized use of the Marks and Images.

31. Defendant never formally responded to the November 17, 2023 letter.

32. While the Plaintiff and Defendant have engaged in settlement discussions regarding this dispute, no settlement has been reached. As of April 16, 2024, Defendant is still in breach of the Agreement, and infringing upon JNBY's rights in the Marks and Images.

## FIRST CAUSE OF ACTION
### Breach of Contract: GV vs. Defendant

33. GV repeats and realleges the allegations contained in prior paragraphs as if fully set forth herein.

34. GV and Defendant entered into an Agreement that required Defendant to submit payment to GV for Products delivered and sold on consignment by Defendant.

35. GV and Defendant exchanged consideration in exchange for the promises set forth in the Agreement.

36. GV substantially performed its obligations under the Agreement.

37. Defendant has materially breached the Agreement by failing to remit to GV its share of revenue in the amount of $199,435.68 as required under Section 3.2 of the Agreement.

38.     Defendant further breached the Agreement by continuing to use the Marks after termination of the Agreement.

39.     Defendant further breached the Agreement by failing to return to GV all unsold Products in its possession as of the effective date of termination as required under Section 4.3 of the Agreement.

40.     GV has suffered damages as a result of Defendant's breach.

41.     GV has suffered irreparable injury and continues to suffer irreparable injury as a result of Defendant's breach.

## SECOND CAUSE OF ACTION
### Trademark Infringement: Plaintiffs vs. Defendant
### 15 U.S.C. §1114(1)

42.     Plaintiffs repeat and reallege the allegations contained in prior paragraphs as if fully set forth herein.

43.     JNBY's registrations for the marks JNBY, 速写, and 江南布衣 (the "Registered Marks") are in full force and effect, and the trademarks thereof and the goodwill of JNBY's business in connection with which its trademarks is used has never been abandoned.

44.     JNBY's Registered Marks and the goodwill associated therewith are of inestimable value to JNBY.

45.     Upon information and belief, Defendant commenced and continued its unauthorized use of the Registered Marks with full knowledge of and by reason of the fact that the Registered Marks are highly valuable.

46.     Defendant's use of the Registered Marks, including but not limited to on the Infringing Site, social media accounts, and in its marketing and advertising following termination of the Agreement has been without the consent of the Plaintiffs.

47. The activities of Defendant complained of herein constitutes willful and intentional infringement of the Registered Marks protected by the respective registrations set forth above. Defendant has acted in complete disregard of Plaintiffs' rights and in spite of Defendant's knowledge that its unauthorized use of the Registered Marks or any mark likely to be confused therewith infringes Plaintiffs' rights.

48. Defendant's infringement of the Registered Marks is likely to cause confusion and mistake in the minds of the purchasing public.

49. Defendant's infringement of the Registered Marks tends to and does falsely create the impression that the products sold by Defendant are authorized, sponsored, or approved by Plaintiffs.

50. Alternatively, or in addition to the foregoing, Defendant's infringement of the Registered Marks is likely to cause reverse confusion, tending to and falsely creating the impression that the products sold by Plaintiffs are either authorized, sponsored, or approved by Defendant or the false impression that Plaintiffs are infringing on the rights of Defendant.

51. Plaintiffs are suffering damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

52. Plaintiffs have also suffered irreparable injury and continue to suffer irreparable injury as a result of the acts of Defendant as aforesaid.

## THIRD CAUSE OF ACTION
**False Designation of Origin and False Description: Plaintiffs vs. Defendant**
**15 U.S.C. §1125(a)(1)(A)**

53. Plaintiffs repeat and reallege the allegations contained in prior paragraphs as if fully set forth herein.

54. Upon information and belief, Defendant has used in connection with the sale of its products, false designations of origin and false descriptions and representations that tend falsely to describe or represent their products.

55. Upon information and belief, Defendant has caused the aforementioned products to enter into commerce with full knowledge of the falsity of such designations of origin and such descriptions and representations, all to the detriment of Plaintiffs.

56. Defendant's use of the Marks constitutes the use of false designations of origin and false descriptions and representations tending falsely to describe or represent goods sold by Defendant.

57. Upon information and belief, Defendant has distributed, offered for sale or sold its products by using the Marks with the express intent to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Plaintiffs, and improperly to appropriate the valuable trademark rights of Plaintiffs.

58. Alternatively, or in addition to the foregoing, Defendant's conduct causes reverse confusion, tending to and falsely creating the impression that the products sold by Plaintiffs are either authorized, sponsored, or approved by Defendant or the false impression that Plaintiffs are infringing on the rights of Defendant.

59. Defendant's distribution, offering for sale, and sale of its products using the Marks has caused and is likely to cause confusion and mistake, to deceive and mislead the purchasing public, to trade upon the reputation of Plaintiffs and improperly to appropriate the valuable trademark rights of Plaintiffs.

60. Plaintiffs are suffering damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

61. Plaintiffs have also suffered irreparable injury and continue to suffer irreparable injury as a result of the acts of Defendant as aforesaid.

## FOURTH CAUSE OF ACTION
### Common Law Unfair Competition: Plaintiffs vs. Defendant

62. Plaintiffs repeat and reallege the allegations contained in prior paragraphs as if fully set forth herein.

63. Upon information and belief, Defendant has intentionally and with bad faith appropriated the Marks with the intent of causing confusion, mistake, and deception as to the source of its goods or to otherwise wrongfully benefit from the infringement of Plaintiffs' rights without due compensation.

64. Upon information belief, Defendant has acted with the intent to palm off its goods as those of Plaintiffs, or to otherwise deceive the public. Such acts amount to trademark infringement, unfair competition, and wrongful misappropriation under the common law.

65. Plaintiffs are suffering damage as a result of the acts of Defendant as aforesaid in an amount thus far not determined.

**WHEREFORE**, Plaintiffs demand judgment against Defendant as follows:

1) For an Order requiring Defendant to pay to GV amounts owed under the Agreement, including but not limited to $2,704,447.42 the Accounted-For and Unaccounted-For Products;

2) For an Order requiring Defendant to transfer control of the domain jnby.us to GV;

3) For actual damages suffered by Plaintiffs for disgorgement of Defendant's profits as a result of Defendant's actions described herein;

4) For attorney's fees, interest, and costs of suit;

5) For an order barring Defendant and Defendant's affiliates, subsidiaries, partners, joint venturers, parent companies, successors and assigns, and Defendant's officers, agents, servants, employees and attorneys, and all others in active

    concert or participation with Defendant who receive actual notice of the order by personal service or otherwise, from:

    a) Using the Marks, or any confusingly similar variation thereof, as a trademark or service mark, or in Defendant's business name or trade name;

    b) Using the Marks, or any confusingly similar variation thereof in Defendant's website domain(s) and social media handles; and

    c) Using the Marks, or any confusingly similar variation thereof in Defendant's advertising that would cause a likelihood of confusion as to sponsorship, affiliation, or association between Plaintiffs and Defendant.

6) For an order requiring Defendant, Defendant's affiliates, subsidiaries, partners, joint venturers, parent companies, successors and assigns, and Defendant's officers, agents, servants, employees and attorneys, to deliver to GV all labels, stickers, signs, prints, packages, wrappers, receptacles, advertisements, Products, including apparel shipped by GV to Defendant under the Agreement, merchandise and other written or printed material in their possession, custody or control that bear the Marks, alone or in combination with any other words, marks or other elements; and

7) Such other and further relief as the Court may deem just and equitable.

## JURY DEMAND

JNBY demands trial by jury on all issues amenable thereto.

                        ARCHER & GREINER
                        A Professional Corporation
                        3040 Post Oak Boulevard
                        Suite 1800-150
                        Houston, TX 77056-6541
                        (856) 795-2121
                        Attorneys for Plaintiffs,
                        Hangzhou JNBY Finery Co., Ltd.
                        Grand Vantage China Ltd.

                        By: */s/ Jiangang Ou*
                        JIANGANG OU, ESQ.
                        KATE A. SHERLOCK, ESQ.

Dated: April 16, 2024.

228199270 v5